UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEANNA FINNIGAN, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ) | Judge |
| SGT ROBERT CARRILLO # 2429, ) | |
| P.O. MICHAEL PETTIS # 15422, ) | Magistrate Judge |
| P.O. JAIRO VALERIANO #10649, ) | |
| JOHN DOE CHICAGO POLICE ) | JURY DEMAND |
| OFFICERS, Individually, and ) | |
| THE CITY OF CHICAGO, ) | |
| A Municipal Corporation, ) | |
|    Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DEANNA FINNIGAN ("FINNIGAN"), by and through her attorneys, **The Law Office of C.N. Norris, LLC**, and complaining against the Defendants, SGT. ROBERT CARRILLO #2429 ("CARRILLO"), P.O. MICHAEL PETTIS #15422 ("PETTIS"), and P.O. JAIRO VALERIANO #10649 ("VALERIANO"), and JOHN DOE CHICAGO POLICE OFFICERS ("JOHN DOE OFFICERS"), and THE CITY OF CHICAGO, a Municipal Corporation as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, FINNIGAN, accomplished by acts and/or omissions of the Defendants, CARRILLO, PETTIS, VALERIANO, JOHN DOE OFFICERS, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The United States District Court for the Northern District of Illinois is the proper federal venue for this action, pursuant to Title 28 of the United States Code, Section 1391(b), because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

4. The Plaintiff, FINNIGAN, was at all relevant times a United States Citizen and resident of the State of Illinois.

5. At all relevant times the Defendants, CARRILLO, PETTIS, and VALERIANO, and JOHN DOE OFFICERS, were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

## FACTS

*INCIDENT ON OCTOBER 1, 2019*

6. On October 1, 2019, FINNIGAN was at the Juvenile Court House, located at 1100 S. Hamilton Ave., Chicago, IL, 60612, for a court hearing.

7. CARRILLO was also at the Juvenile Court House, located at 1100 S. Hamilton Ave., Chicago, IL, 606012 on October 1, 2019.

8. At all times on October 1, 2019, CARRILLO displayed his police badge on his belt buckle.

9. CARRILLO had an order of protection entered against FINNIGAN that was in effect on October 1, 2019.

10. After court, FINNIGAN headed to the TASC, located at 2320 Roosevelt Rd, Chicago,

IL 60608.

11. An Illinois Department of Family & Children Services worker, Rashida Muhammad ("MUHAMMAD"), requested a police escort to the TASC office. CARRILLO offered to escort MUHAMMAD.

12. On her way to the TASC office, FINNIGAN waited and entered an elevator alone. Once she entered the elevator, she repeatedly pressed the "close door" button. As the elevator doors were closing, CARRILLO stuck his hand in between the closing doors to stop the elevator from leaving. CARRILLO and MUHAMMAD entered the elevator.

13. During the elevator ride, CARRILLO made hostile remarks to FINNIGAN.

14. FINNIGAN pulled out her phone to record CARRILLO.

15. As FINNIGAN held up her phone, CARRILLO pushed her phone and hand to prevent her from recording and pushed FINNIGAN backwards.

16. Once FINNIGAN arrived at the TASC office, CARRILLO was waiting for her.

17. FINNIGAN called the police four times to inform law enforcement that CARRILLO was violating the order of protection.

18. After the fourth call, Chicago Police Officers arrived and spoke with FINNIGAN. They took notes and instructed her to go on with her day.

*INCIDENTS ON NOVEMBER 25, 2019*

19. On November 25, 2019, FINNIGAN went to the Juvenile Court House for a court hearing and CARRILLO was sitting in the lobby.

20. Upon seeing FINNIGAN, CARRILLO made a phone call.

21. At all times on November 25, 2019, CARRILLO displayed his police badge on his belt buckle.

22. FINNIGAN overheard CARRILLO state, not verbatim, "You remember that favor you owe me…well, she is here now."

23. Approximately fifteen minutes later, PETTIS, VALERIANO, JOHN DOE OFFICERS arrived and spoke with CARRILLO.

24. Shortly thereafter, PETTIS, VALERIANO and JOHN DOE OFFICERS approached FINNIGAN and told her she was under arrest.

25. FINNIGAN asked PETTIS, VALERIANO and JOHN DOE OFFICERS to place her in handcuffs in a private area. However, CARRILLO quickly approached the parties and instructed PETTIS, VALERIANO and JOHN DOE OFFICERS that FINNIGAN was a "flight risk" and she had to be handcuffed immediately.

26. Upon arrival at police station, PETTIS, VALERIANO and JOHN DOE OFFICERS asked to speak with a sergeant, JOHN DOE OFFICER, and instructed him to keep FINNIGAN detained as long as possible. The sergeant, JOHN DOE OFFICER, acknowledged this request.

27. As FINNIGAN sat on a bench waited for her processing, she informed a JOHN DOE OFFICER at the booking desk that she was prone to seizures and needed her medication.

28. The officer did not follow-up or assist her.

29. Once FINNIGAN was taken to a jail cell for holding, she informed a JOHN DOE OFFICER on duty that she was prone to seizures and needed medication. Once again, FINNIGAN did not receive any medical attention or medication.

30. During her detention, FINNIGAN suffered a seizure hitting her head against the floor.

31. FINNIGAN informed a JOHN DOE OFFICER that she was injured and needed medical assistance. The John Doe Officer did not provide FINNIGAN with any medical assistance.

32. FINNIGAN'S family attempted to post her bond, however JOHN DOE OFFICERS, unlawfully prolonged FINNIGAN'S detention by misinforming them of the location of her detention.

## COUNT I- EXCESSIVE FORCE

1-32. Plaintiff, FINNIGAN, incorporates paragraphs 1-32 as fully set forth above.

33. The force that Defendant, CARRILLO, used against FINNIGAN on October 1, 2019 was unreasonable and excessive in violation of the Plaintiff's Fourth and Fourteenth Amendment rights to the United States Constitution as protected by 42 U.S.C. §1983.

34. The actions of the Defendant were intentional, willful, and wanton.

35. As a result of the Defendant's action, the Plaintiff was injured.

36. The aforementioned action was the direct and proximate cause of the Constitutional violations set forth above, and caused Plaintiff, FINNIGAN, to suffer without limitation, physical injury, pain and suffering, humiliation, and emotional distress.

**WHEREFORE**, Plaintiff, FINNIGAN, respectfully requests that this Court enter judgment in her favor and against Defendant, CARRILLO, and award compensatory damages, punitive damages, costs, and attorney's fees against Defendant, as well as any other relief that this Court deems just and equitable.

## COUNT II – BATTERY/ ILLINOIS STATE LAW

1-36. The Plaintiff, FINNIGAN, hereby realleges and incorporates her allegations of paragraphs 4-36 of Count I as her respective allegations of paragraphs 1-36 of Count II as though fully set therein.

37. The actions of the Defendant, CARRILLO, on October 1, 2019, constitute battery under Illinois State Law.

38. As a result of Defendant's, CARRILLO, action the Plaintiff experienced pain, suffering, physical injuries, and monetary loss.

39. **WHEREFORE**, Plaintiff, FINNIGAN, respectfully requests that this Court enter judgment in her favor and against Defendant, CARRILLO, and award compensatory damages, punitive damages, costs, as well as any other relief that this Court deems just and equitable.

## COUNT III- 42 U.S.C. § 1983 FALSE ARREST

1-39. Each of the forgoing paragraphs are incorporated as if fully restated herein.

40. At the time the Defendants, CARRILLO, PETTIS, VALERIANO, and the JOHN DOE OFFICERS, approached and confronted FINNIGAN on November 25, 2019, she was not committing a crime or breaking any laws.

41. At no point in time on November 25, 2019, did FINNIGAN commit a crime.

42. The Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, arrested, participated in, and/or caused the arrest of FINNIGAN, without probable cause.

43. The charges against FINNIGAN were false.

44. The actions of the Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

45. As a direct and proximate cause of the Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, the plaintiff suffered violations of her constitutional rights, emotional anxiety, fear humiliation monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE** the Plaintiff, FINNIGAN, prays for judgement against Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS for reasonable compensatory damages, punitive damages, plus attorney's fees and costs, as well as any other relief that this Court deems just and equitable.

**COUNT IV- 42 U.S.C. § 1983 UNLAWFUL PRETRIAL DETENTION**

1-45. Each of the forgoing paragraphs are incorporated as if fully restated herein.

46. Subsequent to Plaintiff's arrest, Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, caused Plaintiff to be detained without probable cause from November 25, 2019, to November 26, 2019.

47. Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, knew that the charges they recommended to the States Attorney's Office for approval were false.

48. Due to the false allegations of Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, the false criminal charges against the Plaintiff were approved.

49. Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, intentionally prolonged FINNEGAN'S unlawful detention.

50. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

51. As outlined above, Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, caused Plaintiff to be detained without probable cause in violation of Plaintiff's Fourth Amendment and Fourteenth Amendment rights.

52. The misconduct of Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, as outlined above proximately caused injury to FINNIGAN, including but not limited to, loss of liberty, emotional pain and suffering and lost wages.

**WHEREFORE** the Plaintiff, FINNIGAN, prays for judgment against Defendants, CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

### COUNT V- 42 U.S.C. § 1983 FAILURE TO PROVIDE MEDICAL CARE

1-52. Each of the forgoing paragraphs are incorporated as if fully restated herein.

52. During the processing of her arrest, FINNIGAN informed the booking JOHN DOE OFFICER of her serious medical condition that she was prone to seizures and required medication.

53. The JOHN DOE OFFICER purposefully ignored FINNIGAN's request.

54. Due to the JOHN DOE OFFICER purposefully ignoring FINNIGAN'S request, she suffered a seizure and injured her head during her unlawful detention.

55. After FINNIGAN hurt her head, she informed another JOHN DOE OFFICER that she was injured and required medical attention.

56. This additional JOHN DOE OFFICER purposefully ignored FINNIGAN and did not provide or seek the medical attention FINNIGAN required.

57. As outlined above, Defendants, JOHN DOE OFFICERS, acted purposefully by ignoring FINNIGAN'S request for medical attention and medication.

58. The Defendants, JOHN DOE OFFICERS, acted objectively unreasonable by failing to provide FINNIGAN with medical attention and medication.

59. Purposefully, knowingly, or recklessly failing to provide a pre-trial detainee with medical attention without being objectively reasonable violates the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

60. The misconduct of Defendants, JOHN DOE OFFICERS, as outlined above proximately caused injury to FINNIGAN, including but not limited to: loss of consciousness, physical pain, emotional pain and suffering and medical costs.

\ 8

**WHEREFORE** the Plaintiff, FINNIGAN, prays for judgment against the Defendants, JOHN DOE OFFICERS, for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

## COUNT VI- RESPONDEAT SUPERIOR
### Against the City of Chicago

1-60. Each of the forgoing paragraphs are incorporated as if fully restated herein.

61. In committing the acts alleged in this Complaint, each of the individually named Defendant officers, CARRILLO, was a member and agent of, the CITY OF CHICAGO, acting at all relevant times within the scope of their employment.

62. Defendant, CITY OF CHICAGO, is liable as principal for all torts in violation of state law committed by its agents.

63. The Plaintiff, FINNIGAN, suffered damages for her mental, emotional injury and pain, mental anguish, humiliation, and embarrassment that were inflicted by Defendant CARILLO from the Chicago Police Department acting under employment of the City of Chicago.

**WHEREFORE**, the Plaintiff, FINNIGAN, prays for judgment in her favor and against the Defendant, CITY OF CHICAGO, for the compensatory damages of its employee, CARRILLO, plus costs.

## COUNT VII– INDEMNIFICATION
### Against the City of Chicago

1-63. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-63 of Count I, II, III, IV, V & VI as her respective allegations of paragraphs 1-63 of Count VII as though fully set therein.

64. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. The Defendants, CARRILLO, PETTIS, VALERIANO, and the JOHN DOE OFFICERS, were employees of THE CITY OF CHICAGO, acting within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should the Defendants, CARRILLO, PETTIS, VALERIANO, and the JOHN DOE OFFICERS, be found liable for any of the acts alleged above, Defendant THE CITY OF CHICAGO would be liable to pay the Plaintiff, FINNIGAN, any judgment obtained against said officers.

### JURY DEMAND

The Plaintiff, FINNIGAN, herby requests a trial by jury.

Respectfully submitted,

/s/ Brian Orozco

One of Plaintiff's Attorneys

The Law Office of CN Norris, LLC

900 West Jackson Blvd., Suite 7E

Chicago, Illinois, 60607