UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| DEANNA FINNIGAN, ) | |
|     Plaintiff, ) | |
| ) | |
| ) | |
|     v. ) | Case No. 1:21-cv-04685 |
| ) | |
| ) | Judge Steven C. Seeger |
| SGT ROBERT CARRILLO # 2429, ) | |
| P.O. MICHAEL PETTIS # 15422, ) | Magistrate Judge Jeffrey T. Gilbert |
| P.O. JAIRO VALERIANO #10649, ) | |
| JOHN DOE CHICAGO POLICE ) | JURY DEMAND |
| OFFICERS, THE CITY OF CHICAGO,) | |
| A Municipal Corporation, ) | |
|     Defendants. ) | |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

NOW COMES the Plaintiff, DEANNA FINNIGAN ("FINNIGAN"), by and through her attorneys, The Law Office of C.N. Norris, LLC, respectfully requests this Honorable Court to grant her Motion For Expedited Discovery against Defendants, ROBERT CARRILLO #2429 ("CARRILLO") and THE CITY OF CHICAGO. In support of her request, Plaintiff states as follows:

**INTRODUCTION**

On September 1, 2021, the Plaintiff filed her complaint against the Defendants in the U.S. District Court for the Northern District of Illinois. (Pl.'s Compl.). The Plaintiff alleges the following: CARRILLO used excessive force against her on Oct. 1, 2019; CARRILLO committed a battery against her on Oct. 1, 2019; CARRILLO, PETTIS, VALERIANO and the JOHN DOE OFFICERS, arrested her without probable cause on November 25, 2019; CARRILLO, PETTIS, VALERIANO, and the JOHN DOE OFFICERS, caused the Plaintiff to be detained without

probable cause from November 25, 2019, to November 26, 2019; the JOHN DOE OFFICERS that booked and oversaw the Plaintiff's detention purposefully failed to provide medical care; the CITY OF CHICAGO is liable as the principal for all torts committed by Defendant Officers; and the CITY OF CHICAGO must pay any tort judgment for compensatory damages for which the Defendant Officers are liable within the scope of their employment. (Pl.'s Compl.). The Plaintiff brings this Motion for Expedited Discovery under Fed. R. Civ. P. 26(b)(1) and applicable caselaw, because her statute of limitations expires in two months on November 25 & November 26, 2021. She moves for expedited discovery for the purpose of identifying the JOHN DOE OFFICERS involved in the aforementioned claims. For the reasons set below, we ask this Honorable Court to grant the Plaintiff's Motion for Expedited Discovery.

## FACTS

On November 25, 2019, the Plaintiff went to the Juvenile Court House for a court hearing and CARRILLO was sitting in the lobby with his police badge visibly on his belt buckle. (Pl.'s Compl. ¶ 20, 21). Upon seeing the Plaintiff, CARRILLO made a phone call to someone and she overheard him state, not verbatim, "You remember that favor you owe me…well, she is here now." (Pl.'s Compl. ¶ 22). Approximately fifteen minutes later a JOHN DOE OFFICER arrived and spoke with CARRILLO. (Pl.'s Compl. ¶ 23). The Plaintiff then took two pictures of this John Doe Officer, which is Exhibit A of her discovery request and are Exhibit 1 & 2 of her Motion for Expedited Discovrey.Shortly thereafter, the JOHN DOE OFFICER approached the Plaintiff and identified himself as a U.S. Marshal and placed her in handcuffs and identified himself as a U.S. Marshal and thereby arrested her. (Pl.'s Compl. ¶ 24).

Upon arrival at the police station the JOHN DOE OFFICER asked to speak with a sergeant, JOHN DOE OFFICER, and instructed him to keep the Plaintiff detained as long as

2

possible. (Pl.'s Compl. ¶ 26). The sergeant, JOHN DOE OFFICER, acknowledged this request. (Pl.'s Compl. ¶ 26). As FINNIGAN sat on a bench waiting for her processing, she informed a JOHN DOE OFFICER at the booking desk that she was prone to seizures and needed her medication. (Pl.'s Compl. ¶ 27). The JOHN DOE OFFICER did not follow-up or assist her. (Pl.'s Compl. ¶ 28). Once the Plaintiff was taken to a jail cell for holding, she informed a female JOHN DOE OFFICER on duty that she was prone to seizures and needed medication. (Pl.'s Compl. ¶ 29). Once again, the Plaintiff did not receive any medical attention or medication. (Pl.'s Compl. ¶ 29). During her detention, the Plaintiff suffered a seizure hitting her head against the floor. The Plaintiff informed a JOHN DOE OFFICER that she was injured and needed medical assistance. (Pl.'s Compl. ¶ 31). The JOHN DOE OFFICER did not provide the Plaintiff with any medical assistance. (Pl.'s Compl. ¶ 31). The Plaintiff's family attempted to post her bond, however JOHN DOE OFFICERS, unlawfully prolonged the Plaintiff's detention by misinforming her family of the location of her detention. (Pl.'s Compl. ¶ 32).

## LEGAL STANDARD

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26 (f), *except* in a proceeding exempted from initial disclosure under Rule 26 (a) (1) (B), or when *authorized* by these rules, by stipulation or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). This rule allows for discovery before the parties have conferred as required by 26(f). A court has wide discretion in managing the discovery process. *See Ibarra v. City of Chi.*, 816 F. Supp. 2d 541, 544 (N.D. Ill. 2011). This court has held that while there is no set test or criteria for evaluating whether expedited discovery is necessary, courts have developed two common judicial approaches to assessing requests for expedited discovery. *Id.* District Courts within the 7th Circuit, along with many other district courts, have applied the second

approach. *See Ibarra*,816 F. Supp. at 554, *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520 (E.D. Wis. 2007), *Arista Records v. Does* 1-19, 551 F. Supp. 2d 1, 6-9 (D.D.C. 2008), *Zambezia Film Pty, Ltd. v. Does*, No. 13 C 1321, 2013 U.S. Dist. 1, 7 (N.D. Ill. Aug. 29, 2013). Accordingly, a court may evaluate a motion for expedited discovery, "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *See Ibarra*,816 F. Supp. at 544, *see also, Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

In applying the "reasonableness" standard, a Court may consider factors such as "(1) whether a preliminary injunction is pending; (2) the breath of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden of the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *See Ibarra*, 816 F. Supp. at 554. In *Ibarra*, this court granted the plaintiff's motion for expedited discovery ruling that even if a preliminary injunction was not pending, the plaintiff pled sufficient facts to satisfy the other elements. *Id.* at 555. Specifically, this court stated that plaintiff sought the expedited discovery for the limited purpose of determining the identity of parties to the action and that was within the defendant's control, thus the expedited discovery was permissible. *Id.*

In *AF Holdings LLC v. Doe*, the Illinois Central District Court granted the plaintiff's motion for expedited discovery because it showed "good cause." *AF Holdings LLC v. Doe*, No. 12-1398, 2012 U.S. Dist. 1, 4 (C.D. Ill. Nov. 26, 2012). The court stated that as an additional consideration in authorizing expedited discovery a court may apply a 'good cause' standard, which authorizes expedited discovery on any relevant matter to the subject matter involved in the action. *Id.* at 3, *see also*, *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. at 522. Moreover, the court held that good cause existed to allow the plaintiff to conduct pre-conference discovery to ascertain the identity of the defendants. *AF Holdings LLC*, 2012 U.S. Dist. at 3.

4

Similarly, in *Zambezia Film Pty, Ltd. v. Does*, this Court refused to vacate an order that allowed plaintiffs to subpoena third-party ISPs pursuant to an order for expedited discovery. *Zambezia Film Pty,* No. 13 C 1321 at 9. The expedited discovery included subpoenas to third party ISP providers that could identify all defendants that engaged in infringement of the plaintiff's work. *Id.* at 1. This Court found good cause for upholding its order allowing for expedited discovery based on the plaintiff's legal memorandum, the plaintiff's declaration, counsel's statement and the limited breath and purpose of the discovery requests. *Id.* at 7.

## ARGUMENT

### I. EXPEDITED DISCOVERY REQUESTS TO ASCERTAIN THE IDENTITIES OF ALL DEFENDANTS MEETS THE REASONABLENESS STANDARD.

Previous rulings in favor of expedited discovery demonstrate that seeking discoverable information to ascertain the identify of all parties to a suit falls within the "reasonableness standard." *See Ibarra*, 816 F. Supp. at 555, *see also, Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. at 522. The Plaintiff in this case satisfies the reasonableness standard for expedited discovery as set out in *Ibarra*. In the present case there is no preliminary injunction pending. Nonetheless, in *Ibarra* that did not bar consideration of the other factors in determining if the plaintiff satisfied the reasonableness standard. *Ibarra*, 816 F. Supp. at 555. The Plaintiff in this case is making narrowly tailored discovery requests to CARRILLO and THE CITY OF CHICAGO to ascertain the identities of all the JOHN DOE OFFICERS involved in her false arrest, unlawful detention, and failure to provide medical care claims. The statute of limitations of the aforementioned claims are quickly approaching on November 25 & 26, 2021. Thus, prompting the necessity of the Plaintiff in propounding to name all defendants to her claims before the statute of limitation expires.

The Plaintiff's discovery requests (see attached as Exhibits 1 & 2 to this Motion) are limited to specific information relating to the identities of the JOHN DOE OFFICERS involved in her

5

claims, which would not be burdensome to either CARRILLO or THE CITY OF CHICAGO. As discussed in *Ibarra,* requests to identify officers on the scene and any supervisors who approved any conduct is within the control of the City of Chicago and sufficiently tailored not to be burdensome. *Id.* Similarly, CARRILLO spoke with the JOHN DOE OFFICER who arrested the Plaintiff on November 25, 2021, and discovery requests to identify this JOHN DOE OFFICER are within his control and not burdensome. Furthermore, Counsel for Plaintiff has had multiple communications with Counsel for Defendant, City of Chicago, over the past two weeks regarding the necessity for expedited discovery. This put Defendant for the City of Chicago on notice of the substance of Plaintiff's motion; eliminating any potential prejudice.

Thus, the Plaintiff satisfies the reasonableness standard needed to grant a motion for expedited discovery.

## II. EXPEDITED DISCOVERY REQUESTS TO ASCERTAIN THE IDENTITIES OF ALL DEFENDANTS ESTABLISHES GOOD CAUSE.

Seeking to identify all defendants to a lawsuit establishes a good cause basis for expedited discovery. *See AF Holdings LLC,* 2012 U.S. Dist. at 3-4, *Zambia Film Pty, Ltd.* 2013 U.S. Dist. at 6-8. In *AF Holdings LLC,* the plaintiff established good cause for seeking expedited discovery to identify all defendants in its suit because there was no other practical way to discover the John Doe defendant absent court ordered discovery. *AF Holdings LLC,* 2012 U.S. Dist. at 5. In the present case, the Plaintiff must identify all parties that were involved in the claims relating to her false arrest, unlawful detention and failure to provide medical care. The identities of all JOHN DOE OFFICERS involved are within the control of CARRILLO and THE CITY OF CHICAGO. There is no other practical way for the Plaintiff within her federal case to identify and name these officers before the expiration of the statute of limitations absent expedited discovery.

6

CARRILLO and THE CITY OF CHICAGO are the best resources to identify all the defendants involved in violating Plaintiff's rights. Like in *Zambia*, the Plaintiff can establish good cause because her reason for expediting discovery is for the limited purpose of identifying all the JOHN DOE OFFICERS involved in her claims. Moreover, on November 25, 2019, the Plaintiff's family was unable to locate her because JOHN DOE OFFICERS kept giving misinformation about the location of her detention. (Dkt.1). Not only did this frustrate the Plaintiff, but it also caused confusion that hindered her investigation in identifying these defendants. Again, CARRILLO and THE CITY OF CHICAGO have access to the information relating to the Plaintiff's detention and all defendants involved. Thus, the Plaintiff satisfies the good cause standard needed to grant a motion for expedited discovery.

**WHEREFORE**, the Plaintiff, DEANNA FINNIGAN, prays this Honorable Court to grant her Motion to Expedite Discovery against CARRILLO and THE CITY OF CHICAGO.

Respectfully submitted,

By: /s/ Brian M. Orozco

One of Plaintiff's Attorney
The Law Office of CN Norris, LLC
900 West Jackson Blvd., Suite 7E
Chicago, Illinois, 60607